LEONARDO M. RAPADAS
United States Attorney
MIKEL W. SCHWAB
Assistant U.S. Attorney
Sirena Plaza, Suite 500
108 Hernan Cortez Avenue
Hagatna, Guam 96910
Tel: 472-7332
Fax: 472-7215

Attorneys for the United States of America

**FILED**
DISTRICT COURT OF GUAM
MAR 28 2005
MARY L.M. MORAN
CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT

FOR THE TERRITORY OF GUAM

| | |
|---|---|
| BARBARA McCARRON,<br><br>    Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | CIVIL CASE NO. 02-00030<br><br>**TRIAL BRIEF OF THE UNITED STATES** |

The United States, by and through its attorneys in the above entitled matter, submits this trial brief.

A. **FACTUAL CONTENTIONS**

On April 6, 2002 the United States was first informed that the Defendant claimed she had fallen and injured herself in the parking lot of the Agana Post Office on January 31, 2002 at 1:30 in the afternoon. The information came by way of a claim for damage submitted by plaintiff's attorney against the U.S. Postal Service.

Though informed several months after the alleged incident, the United States has no reason to doubt defendant's assertion that she fell in the Agana Post Office parking lot on the day claimed.

The United States does not contest its ownership and control of the area where plaintiff says she had her accident.

The United States contests the assertion that the condition of the lot was in a state that would constitute negligence and a breach of duty to her. The area where she alleges she fell was along a seam between a curb, brightly painted, and the regular asphalt of the parking lot, a different color. The seem was indented and had grass sprouting, but not in a way that would have alerted the United States to the necessity for repair or in a way that would have caused a person exercising the necessary attention to have had an accident.

That the plaintiff suffered a broken leg from her accidental fall on January 31, 2002, is not contested.

The extent of that injury and the contribution of any employee of the United States to that injury, is contested.

The United States asserts that the fall was an accident for which plaintiff was substantially or wholly responsible.

The United States asserts that the injury from the accident resulted in no compensable costs that can be asserted against the United States.

B. **ISSUES OF LAW**

1. The United States was not negligent in its maintenance of the area where plaintiff had her accidental fall. 28 U.S.C. § 1346 (b); Higgins v. United States, 894 F. Supp. 232 (MD NC 1995).

2. The Federal Torts Claims Act, 28 U.S.C. §§ 1346 (b), 2671 to 2680, is the exclusive remedy for persons seeking damages from the United States for personal injuries.

3. There must be a showing of negligence that a federal employee committed a negligent or wrongful act or omission. Further, the alleged negligent or wrongful act or omission must have been the proximate cause of the injury. Carne v. United States, 630 F.Supp. 641 (D. Mont. 1986); Lugo v. Ameritech Corp., Inc., 464 Mich. 512, 629 N.W.2d 384 (2001).

4. The United States used due diligence in inspecting, repairing and maintaining the area where plaintiff had her accidental fall. Goldberg v. Town of Hempstead, 289

A.D.2d 198, 733 N.Y.S.2d 691(2d Dept 2001).

5. The accidental fall was caused wholly or in part by plaintiff's inattention in stepping off a curb and losing her footing. Bucheleres v. Chicago Park District, 171 Ill 2d 435, 665 NE2d 826 (1996) (open and obvious).

6. The existence of the curb, the seem with a tuft of grass, and any indentation was a static condition. Delk v. Quicktrip Corp., 572 S.E.2d 676 (Ga. Ct. App. 2002); Hospital Authority of Ben Hill County v. Bostic, 198 Ga. App. 500 402 SE2d 103 (1991).

7. Plaintiff frequently used the premises and had actual or constructive knowledge of its conditions. Kreiss v. Allatoona Landing Inc., 108 Ga. App. 427, 133 S.E.2d 602 (1963); Dunn v. Gourmet of Macon, Inc., (207 Ga. App. 826, 429 SE2d 282 (1993).

8 Contributory negligence and assumption of risk apply to plaintiff's accident. Cruz v. Deno's Wonder Wheel Park, 287 A.D. 653, 747 N.Y.S.2d 242 (2d Dept. 2002); Sinclair v. Orozco, 205 Ga. App. 498, 423 SE2d 25 (1992).

## C. **EVIDENTIARY PROBLEMS**

No evidentiary problems are anticipated.

## D. **ABANDONMENT OF ISSUES**

The ownership and control of the U.S. Post Office parking lot is not contested. The United States has no reason to challenge plaintiff's allegation that she fell in the parking lot on the date she claims in her complaint.

SUBMITTED this 28th day of March 2005.

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and NMI

BY: _____
MIKEL W. SCHWAB
Assistant U.S. Attorney

CERTIFICATE OF SERVICE

I, FRANCES B. LEON GUERRERO, Legal Assistant, working in the U.S. Attorney's Office, in the District of Guam, hereby certify that a copy of the "Trial Brief of the United States", in Civil Case No. 02-00050, Barbara McCarron v. United States of America, was served by personal service to the following attorney of record:

William Gavras
Law Offices of Gorman & Gavras, P.C.
2nd Floor, J & R Building
208 Route 4
Hagatna, Guam 96910

*Frances B. Leon Guerrero*
FRANCES B. LEON GUERRERO
Legal Assistant